■ In the Matter of the Claim of WILLIAM HILL, Respondent, v. PARAMOUNT HEATING CORP. et al., Appellants, and SPERRY GYROSCOPE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—HERLIHY, J. Appeal by Paramount Heating Corp., as employer, and its insurance carrier, Hartford Accident and Indemnity Co., from a decision of the Workmen's Compensation Board dated August 2, 1965. The issues on this appeal are whether Hartford has been properly given credit for the $6,500 lump-sum payment and whether it should reimburse the Liberty Mutual immediately or adjust at 26-week intervals. In 1946 the claimant while employed by the appellant employer herein injured his back and the case was closed on October 19, 1953 with a lump-sum nonschedule adjustment of $6,500 which was paid by the appellant insurance carrier (herein referred to as Hartford). In June and August of 1957 respectively the claimant suffered two additional compensable back injuries while employed by the respondent employer herein which was insured by respondent Liberty Mutual Insurance Co. (herein referred to as Liberty). In 1959 the 1946 claim was reopened and the Referee subsequently (April 23, 1963) determined that the 1946 accident contributed 50% of the disability after the June, 1957 accident, and that the responsibility of Hartford commenced as of April 16, 1958 since that was the last coverage date for the lump-sum settlement. On this appeal the appellants first contend that the board erred in not allowing the proper credit for the lump-sum settlement of 1953. The Referee at a hearing held on April 23, 1963 found that "the lump sum settlement extended to and included April 16, 1958". The appellants filed application for review dated May 15, 1963 and subsequently on September 16, 1963 supplemented the prior application for review by a detailed memorandum and in reference to the settlement with the claimant stated "and paid their liability via the approved lump sum settlement approved before the Workmen's Compensation Board." A decision of the board based on such application, dated December 26, 1963, stated that the appellant Hartford objected to the Referee's decision on the question of causally related disability and liability and the board then set forth in a comprehensive and detailed decision certain modifications as to the liability of the Special Fund and in all other respects affirmed the decision of the Referee. No appeal was taken from this decision. The notice of decision of August 2, 1965 from which the present appeal stems stated that the finding that the lump-sum settlement was absorbed on April 16, 1958 is affirmed. However, the memorandum decision of the same date refers to the fact that the appellant in its application for review dated May 15, 1963 did not raise the issue of lump-sum settlement and found that under the circumstances that the appellant was guilty of laches. It is our opinion that this appeal must fail because the appellant failed to appeal from the decision of the board dated December 26, 1963 in which the issue of lump-sum settlement was discussed and considered by the board and the action of the Referee was affirmed. We consider the application for review, dated March 1, 1965 to be an application for reconsideration of the board's prior action, the denial of which was within the sound discretion of the board and accordingly it is not necessary to consider the finding of laches. The second contention of the appellants is that the board erred in directing Hartford to immediately reimburse Liberty and then take credit by withholding future payments to the claimant. No one disputes the authority of the board to direct the method of reimbursement.

Accordingly, the determination as to whether the undisputed overpayment should be immediately reimbursed was within the province of the board. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J.. not voting.